

C.T.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 2 5 2014
12:42pm
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Petitioner | ) | |
| v. | ) | CIVIL ACTION NO. 4:14-CV-920-A |
| GARY W. OWENS | ) | VERIFIED CRIMINAL COMPLAINT |
| Respondent | ) | 26 USC §7214 (a) (1) (2) & (7) |
| Pro-se | ) | 18 USC § 2, 3, & 4 |

## MOTION FOR NOTICE OF VERIFIED CRIMINAL COMPLAINT

Defendant files this motion to quash service of process for defective process, as authorized by 26 USC §7214 (a) (1) (2) & (7) and 18 USC § 2, 3, & 4

1. Respondent brings the motion for notice of criminal actions perpetrated upon Respondent for the abuses Respondent has suffered at the hands of the IRS.

2. Respondent has requested his administrative remedies at least 4 years ago with the IRS with many different entities of the IRS in different territories in the UNITED STATES and when the Respondent challenges there inquisitions and authorities they keep passing the buck and acting in acquiescence of silence buy not answering admitted everything Respondent said was true and correct.

3. Respondent states and alleges the IRS by and through its actors, agents, contractors, and or employees have used deceit, obfuscation, and subterfuge to harass the Respondent, and defaulted on any alleged debt that is allegedly owed to them.

4. Respondent states and alleges the beforementioned had a ethical, legal, and moral duty to reply to the Respondent without using draconic and narcissistic attitude to harass Respondent, and their actions are willful, wanton, and reckless.

5. Respondent states and alleges that by and through acquiescence of silence when they have an ethical, legal, and moral duty to respond that they have defaulted and therefore estopped from any actions against Respondent.

6. Respondent states and alleges that the Pinkerton Doctrine created by and through case law with the IRS creates culpability with every person that has made contact with Respondent directly or indirectly, and more specifically CHARLOTTE A MACKEY.

7. Respondent states and alleges that when parties to this above style action signed their names to this cause of action that they by and through perjury and subornation of perjury became criminals with intent by culpability, conspiracy, and the Pinkerton doctrine. See Pinkerton doctrine at: Pinkerton v. United States, 328 U.S. 640 (1946).

> US Attorneys USAM Title 9 Criminal Resource Manual 2482 Criminal Resource Manual
> A defendant in a case charging a conspiracy may be liable for each of the substantive counts charged in an indictment under three separate theories:
> 1. Actual commission of the crime;
> 2. Participation in the crime as an aider or abettor;
> 3. Liability under a Pinkerton theory.
> The Pinkerton rule was pronounced in Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Walter and Daniel Pinkerton were brothers who were charged with violations of the Internal Revenue Code. The indictment alleged the Pinkertons committed one conspiracy count and the ten substantive counts. A jury found each of them guilty of the conspiracy and several of the substantive counts. The main issue arose from the facts that there was no evidence to show Daniel Pinkerton participated directly in the commission of the substantive offenses although there was evidence showing these substantive offenses were in fact committed by Walter Pinkerton in furtherance of the unlawful agreement or conspiracy existing between the brothers. Id., 328 U.S. at 645, 66 S.Ct. at 1183.

8. Respondent states and alleges that Respondent should be able to make a criminal complaint and use the Pinkerton doctrine, as this would give Respondent equal protection of the law and equal protection of the law. It should be more specifically charged to CHARLOTTE A MACKEY and not limited to SARAH R. SALDANA per TAMI C. PARKER and any other person who contacted Respondent directly or indirectly.

DATED November 24, 2014

Respectfully submitted
GARY W. OWENS pro-se

*Gary W. Owens*

2125 Cannon Dr.
Hurst, TX. 76054
682-597-7890 cell
817-503-9985 fax